UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BARRY BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-CV-78-RWS |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court upon review of a complaint filed by plaintiff Barry Brown, a prisoner. For the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint, and will deny without prejudice plaintiff's motion to appoint counsel.

### **Legal Standard on Initial Review**

Pursuant to 28 U.S.C. § 1915A(a), this Court "shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon such review, this Court shall dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail,

the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914–15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the Missouri Department of Corrections ("MDOC") and the Moberly Correctional Center ("MCC"). He claims he suffered injury to his right knee when he fell from his bunk. He can be understood to allege the fall occurred because the defendants' employee(s) failed to properly maintain and/or repair the bunk. Plaintiff alleges he received medical treatment after the fall, but he also appears to indicate he was not provided certain treatment and/or medically-necessary items. He claims that a cell inspection was

not performed, necessary repairs were not done, and he was not given a room safety inspection checklist. He seeks monetary relief.

After filing the complaint, plaintiff submitted two filings in an attempt to supplement it. The filings contain a variety of documents, including grievance materials plaintiff submitted concerning the alleged failure to maintain the bunk, materials concerning his efforts to secure representation by counsel, and medical lay-in forms. Plaintiff seeks monetary relief.

## Discussion

Plaintiff filed the complaint pursuant to § 1983 to seek relief from the MDOC and the MCC. The MDOC is a state agency, *see Walker v. Missouri Dept. of Corrections*, 213 F.3d 1035, 1036 (8th Cir. 2000), and the MCC is a MDOC facility. Therefore, this suit is effectively a suit against the State of Missouri. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, the State of Missouri and its agencies are not "persons" within the meaning of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999). Additionally, the "Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). *See Egerdahl v. Hibbing Cmty. Coll*., 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Plaintiff does not allege, nor is it apparent, that an exception to Eleventh Amendment immunity applies in this case. *See Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). Therefore, this action is subject to dismissal pursuant to 28 U.S.C. § 1915A. However, the Court will not dismiss this action at this time, and will instead give plaintiff the opportunity to file an amended complaint.

3

Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming a defendant unless that defendant is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase*

4

*Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Finally, plaintiff must avoid attempting to amend a complaint by filing separate documents like the supplemental documents he has previously filed. Instead, plaintiff must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Plaintiff has also filed a motion to appoint counsel. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, there is no indication that plaintiff is incapable of representing himself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. However, recognizing that

5

circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that, within thirty (30) days of the date of this order, plaintiff file an amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 2) is **DENIED** without prejudice.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 28th day of February, 2022.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

6